ELLENDER E. ODELL, plaintiff in error, *vs.* ANDREW J. MUNDY *et al.*, defendants in error.

Equity will not restrain the security on appeal, to whom the judgment was transferred, from collecting the condemnation money out of his principal, because the attorneys of the principal neglected their duty to attend to the principal's case, though the principal was sick at the time.

Equity. Principal and security. Attorney and client. Before Judge RICE. Hall County. At Chambers. July 31, 1877.

Reported in the opinion.

J. W. TOWERY, by FRANK HARALSON, for plaintiff in error.

No appearance for defendants.

JACKSON, Judge.

This bill set out that Messrs Estes & Langston were employed to represent certain cases by one Odell, and agreed to look to Odell for fees, though the cases were for the benefit of complainant, the wife of the said Odell; that Estes & Langston sued Mrs. Odell, with her husband, for their fees in the justice court and recovered against both; that an appeal was taken to the superior court, when Andrew J.

Mundy stood security on the appeal for Odell and wife; that, on the trial of the appeal case, the complainant and her husband were both sick; that they had employed Wm. L. Marler, Esq., to attend to the defense of their case, who failed and neglected to do so, but abandoned the case for some reason not set out in the bill; that Estes & Langston recovered against complainant and her husband and Mundy, the security, on the appeal; that Estes & Langston have transferred the judgment to Mundy without recourse on them; and that Mundy has had the *fi. fa.* levied on a lot of land of complainant, and that complainant's husband has gone into bankruptcy and is worth nothing, and she will have the entire debt to pay. Wherefore, upon these allegations, without more, she prayed for an injunction; the chancellor refused to grant it, and she excepted.

There is no allegation that this security has done any wrong by colluding with Estes & Langston, or otherwise, and not one particle of equity in the bill of complainant. The land ought to pay the debt, and relieve her surety on her appeal.

Judgment affirmed.